UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTIAN TOVAR,**<br><br>Plaintiff,<br><br>vs.<br><br>**KOLBERG-PIONEER, INC,**<br><br>Defendant. | CIV- 23-4059<br><br>**COMPLAINT** |

COMES NOW, Plaintiff Christian Tovar, by and through its attorney, Nicholas G. Moser, and for its complaint against Defendant Kolberg-Pioneer, Inc., states and alleges as follows:

### PRELIMINARY STATEMENT

1. Plaintiff Christian Tovar brings this action against Defendant Kolberg Pioneer for violations of Title VII of the Civil Rights Act of 1964 ("Title VII") (42 U.S.C. § 2000e).

2. Defendant employed Plaintiff as a painter/shotblaster up until he was terminated on May 3, 2021. Defendant discriminated against Plaintiff because of his race, color, and national origin and retaliated against him.

### JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this is a civil action arising under Title VIII.

### VENUE

4. Venue is proper in this district under 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practice was committed in the State of South Dakota.

### CONDITIONS PRECEDENT

5. On or about January 17, 2023, Plaintiff filed a charge of race, color, and national origin discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), which is attached hereto as Exhibit A.

6. On or about January 20, 2023, the EEOC issued Plaintiff a Notice of Right to Sue, which is attached hereto as Exhibit B. This Complaint has been filed within 90 days of receipt of that notice. Plaintiff has fully complied with all prerequisites to jurisdiction in this Court under Title VII.

### PARTIES

7. Plaintiff resides in Las Vegas, Nevada and is a citizen of the State of Nevada.

8. Plaintiff is an employee, as defined by Title VII. Plaintiff worked for Defendant as a painter/shotblaster in Yankton, South Dakota, from Fall of 2020 through May 3, 2021.

9. Upon information and belief, Defendant is a Tennessee corporation with corporate headquarters located in Chattanooga, Tennessee. Defendant maintains offices and does business in Yankton, South Dakota. Defendant is an employer as defined by Title VII.

## FACTS

10. Plaintiff worked for Defendant as a painter/shotblaster in the Fall of 2020.

11. During the Fall of 2020, Plaintiff's coworkers began harassing him.

12. Initially, the harassment consisted of throwing bolts and other objects at Plaintiff and also performing various acts to disrupt and damage Plaintiff's work, such as turning off Plaintiff's paint sprayer and dripping paint on Plaintiff's work.

13. Then, on or about November 30, 2020, one of Plaintiff's coworkers approached Plaintiff and verbally accosted Plaintiff.

14. During this exchange, the coworker accused Plaintiff of breaking into the coworker's locker.

15. When Plaintiff asked why the coworker thought Plaintiff had broken into the locker, the coworker responded with "look at you!"

16. When Plaintiff returned to work on or about December 1, 2020, Plaintiff found that his face mask had been beaten with a hammer and now had several dents on the front of it.

17. Plaintiff reported the November 30th encounter and the damage to his facemask to his supervisor, Chris Dalton ("Dalton"), but to Plaintiff's knowledge, the supervisor took no action.

18. After these events had occurred, Plaintiff's coworkers continued coming into Plaintiff's work area and disrupting Plaintiff's work.

19. Plaintiff again complained to Dalton and stated that he would speak to a higher up supervisor if it became necessary.

20. Dalton later informed Plaintiff that the coworker who had confronted Plaintiff about the locker had been suspended, but to Plaintiff's knowledge, the coworker at issue was not suspended and was only moved to a different area.

21. On a later date, Plaintiff's locker was broken into. The individual(s) who broke into Plaintiff locker stole his phone, speaker, and cash from his wallet.

22. The individual(s) also had beaten up Plaintiff face mask for a second time and poured acid into Plaintiff's boots.

23. Lastly, the individual(s) spray painted a donkey in the back of Plaintiff's locker. Pictures of Plaintiff's boots and locker are included in Exhibit A.

24. Following the breaking into Plaintiff's locker and the destruction of Plaintiff's property, Plaintiff's coworkers continued to harass Plaintiff. In particular, Plaintiff's coworkers continued to disrupt Plaintiff's work, which forced Plaintiff to do redo, and steal Plaintiffs lunch.

25. Then, on or about May 3, 2021, Plaintiff reported to work and asked Chris Dalton where he would be working that day. Dalton instructed Plaintiff to sit down and wait, and that Plaintiff would be told later where he was working that day.

26. After several hours of waiting, Plaintiff was told to go into an office. It was then that Plaintiff was told that he was being fired.

27. At the time, Defendant's stated justification for firing Plaintiff was that the ring Plaintiff wore was a safety hazard and that Plaintiff had been warned about this issue on several occasions.

## CAUSES OF ACTION

### COUNT ONE
### Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e et al.)

28. Plaintiff realleges and repleads paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff is Hispanic and qualified for the position when Defendant fired him.

30. Defendant's employees, Plaintiff's coworkers, made discriminatory comments to Plaintiff regarding his race and harassed Plaintiff because of his race.

31. Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wage, and benefits, and the costs of bringing this action.

32. Defendant intentionally violated Plaintiff's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

### COUNT ONE
### Color Discrimination in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e et al.)

33. Plaintiff realleges and repleads paragraphs 1 through 32 as if fully set forth herein.

34. Plaintiff is brown and qualified for the position when Defendant fired him.

35. Defendant's employees, Plaintiff's coworkers, made discriminatory comments to Plaintiff regarding his color and harassed Plaintiff because of his color.

36.   Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wage, and benefits, and the costs of bringing this action.

37.   Defendant intentionally violated Plaintiff's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT ONE
### National Origin Discrimination in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e et al.)

38    Plaintiff realleges and repleads paragraphs 1 through 37 as if fully set forth herein.

39.   Plaintiff is brown and qualified for the position when Defendant fired him.

40.   Defendant's employees, Plaintiff's coworkers, made discriminatory comment to Plaintiff regarding his national origin and harassed Plaintiff because of his national origin.

41.   Plaintiff suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wage, and benefits, and the costs of bringing this action.

42.   Defendant intentionally violated Plaintiff's rights under Title VII, with malice or reckless indifference, and, as a result, is liable for punitive damages.

## COUNT ONE
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964
### (42 U.S.C. §§ 2000e et al.)

43.   Plaintiff realleges and repleads paragraphs 1 through 42 as if fully set forth herein.

44.   Plaintiff engaged in protected activity by complaining to Dalton on several occasions about his coworkers' discriminatory treatment based on Plaintiff's race, color, and national origin.

45.   After having complained about the discriminatory treatment, Defendant fired Plaintiff on or about May 3, 2021, purportedly because Plaintiff's ring constituted a safety hazard.

46.   Defendant's stated reason for terminating Plaintiff's employment is pretextual and baseless. Defendant fired Plaintiff because he complained of discrimination based on his race, color, and national origin.

47.   Plaintiff suffered damages as a result of Defendant's unlawful retaliatory actions, including emotional distress, past and future lost wage and benefits, and the costs of brining this action.

48.   Defendant intentionally violated Plaintiff's rights under Title VII, with malice or reckless indifference, and, as a result is liable for punitive damages.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Award Plaintiff for his past and future loss of wages and benefits, plus interest;
2. Award to Plaintiff all costs and reasonable attorneys' fees incurred in connection with this action;
3. Award to Plaintiff compensatory damages;
4. Award to Plaintiff punitive damages; and
5. Grant Plaintiff such additional or alternative relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all complaints properly triable by a jury.

Dated this 20th day of April, 2023.

*Nicholas M[signature]*

Nicholas G. Moser
Marlow, Woodward & Huff, Prof. LLC
PO Box 667
200 W. Third St.
Yankton, SD 57078
Telephone: (605) 665-5009
Facsimile: (605) 665-4788
Email: nick@mwhlawyers.com

Attorneys for Plaintiff

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Christian Tovar

**DEFENDANTS**
Kolberg-Pioneer, Inc

**(b)** County of Residence of First Listed Plaintiff   Clark, Nevada
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Yankton, South Dakota
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nicholas G. Moser, Marlow, Woodward & Huff, Prof. LLC, P.O. Box 667, Yankton, SD 57078 (605) 665-5009

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 2000e et al.
Brief description of cause:
Race, Color, and National Origin Discrimination and Retaliation in violation of Title VII of the Civil Rights Act

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 04/20/2023
SIGNATURE OF ATTORNEY OF RECORD: *Nicholas Moser*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 12/12)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.