UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHRISTIAN TOVAR,<br><br>         Plaintiff,<br><br>vs.<br><br>KOLBERG-PIONEER, INC.,<br><br>         Defendant. | 4:23-CV-04059-CCT<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL<br><br>Docket No. 28 |

**INTRODUCTION**

This matter is before the court on plaintiff Christian Tovar's second amended complaint alleging his former employer, defendant Kolberg-Pioneer, Inc., discriminated against him on the basis of his race.[1]  Docket No. 17. Kolberg-Pioneer filed a motion to compel which was referred to this magistrate judge for determination.  Docket Nos. 28 & 29.

**FACTS**

Mr. Tovar alleges in his second amended complaint that he worked for Kolberg-Pioneer as a painter/shotblaster beginning in the fall of 2020.  Docket No. 17 at p. 2.  He alleges his coworkers harassed him by throwing objects at

---

[1] Although Mr. Tovar was initially represented by counsel, he is now proceeding *pro se.*

him and turning off his paint sprayer.  Id.  On November 30, 2020, a coworker verbally accosted Mr. Tovar, accusing him of breaking into the coworker's locker.  Id.  The next day, Mr. Tovar discovered someone had beaten his face mask with a hammer.  Id.  Mr. Tovar alleges he reported these incidents to his supervisor, but to his knowledge, the supervisor took no action.  Id.  Mr. Tovar alleges the harassing behavior continued after his report.  Id.

Ten days later Mr. Tovar's locker was broken into and his cell phone, speaker and cash were taken, his face mask was beaten again, and someone poured acid into his boots.  Id. at p. 3.  Defendant fired Mr. Tovar on May 3, 2021, for allegedly wearing a ring on his finger that was a safety hazard.  Id.  Mr. Tovar alleges defendant discriminated against him on the basis of his race 42 U.S.C. § 1981.  Id.

After defendant filed its answer to Mr. Tovar's second amended complaint, Mr. Tovar through his counsel served his initial disclosures pursuant to Fed. R. Civ. P. 26(a) on defendant.  Docket No. 28-1.  Defendant notified Mr. Tovar's then-counsel of deficiencies in those initial disclosures because Mr. Tovar had failed to provide a list of witnesses likely to have discoverable information, failed to provide a computation of damages, and failed to make a settlement demand.  Docket No. 28-2.  Those deficiencies were never corrected.

Mr. Tovar's counsel then moved to withdraw from representing him because Mr. Tovar repeatedly failed to communicate with counsel and respond

to attempts by counsel to contact him.  Docket Nos. 24 & 25.  That motion was granted, leaving Mr. Tovar to represent himself.  Docket No. 26.

On April 4, 2024, defendant served its first requests for admissions on Mr. Tovar, who never responded to those discovery requests.[2]  Docket No. 28-3.  On June 20, 2024, defendant served Mr. Tovar via email and certified mail with its first requests for the production of documents and interrogatories.  Docket No. 28-4.  The certification paperwork was returned to defendant indicating that the discovery was delivered, but that no signature was given acknowledging receipt.  Docket No. 28-5.  Mr. Tovar has never responded to these discovery requests.

Defendant emailed Mr. Tovar a letter seeking to attempt to engage in a good-faith effort to resolve these discovery non-responses.  Docket No. 28-7.  Defendant scheduled a date and time for a conference call in order to engage in this good-faith effort to discuss discovery.  Docket No. 28-8.  Mr. Tovar never responded to the email and did not join the conference call.  Defendant now moves the court for an order compelling Mr. Tovar to respond to the interrogatories and the requests for documents.

## DISCUSSION

When one party serves another party with interrogatories and requests for documents, the party from whom discovery is requested must respond to those requests within 30 days.  Fed. R. Civ. P. 33(b)(2) & 34(b)(2).  When the

---

[2] In all its attempts to communicate with Mr. Tovar, defendant has used the email address and mailing addresses which Mr. Tovar's former counsel provided as the last information he had for contacting Mr. Tovar.

3

party from whom discovery is requested does not respond, the party seeking the discovery may file a motion to compel responses to the discovery after engaging in a good-faith effort to resolve the matter.  Fed. R. Civ. P. 37(a)(1) and (a)(3)(B)(iii) & (iv).

When a motion to compel is filed, the moving party must demonstrate initial relevance of the discovery sought.  E.E.O.C. v. Woodmen of the World Life Ins. Society, 2007 WL 1217919 at *1 (D. Neb. March 15, 2007) (citing Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1993)).  Defendant has done that here.  Docket No. 28 at pp. 4-5.

Once the moving party establishes the initial relevance of the discovery sought, the burden shifts to the party from whom the discovery is sought to demonstrate grounds for not providing the discovery.  Sprint Comm. Co. L.P. v. Crow Creek Sioux Tribal Ct., 316 F.R.D. 254, 263–64 (D.S.D. 2016).  Mr. Tovar has neither responded to the discovery requests themselves nor has he responded to defendant's motion to compel.  Accordingly, he has not established any grounds that would justify not providing the requested discovery.  The court notes that *pro se* litigants like Mr. Tovar are nevertheless required to comply with the Federal Rules of Civil Procedure.  Farlee v. Hausman, 3:19-CV-03013-RAL, 2021 WL 327509 at *3 (D.S.D. Feb. 1, 2021).

## CONCLUSION

Good cause appearing, it is hereby

ORDERED that defendant's motion to compel [Docket No. 28] is granted. Plaintiff Christian Tovar is hereby ordered to provide written responses to

4

defendant's interrogatories within 21 days from the date of this order.  Plaintiff Christian Tovar is also ordered to provide documents requested in defendant's requests for the production of documents within 21 days from the date of this order.

**PLAINTIFF CHRISTIAN TOVAR IS HEREBY NOTIFIED THAT FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN DISMISSAL OF HIS LAWSUIT AGAINST DEFENDANT.**

### NOTICE OF RIGHT TO APPEAL

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained.  See Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1)(B).  Failure to file timely objections will result in the waiver of the right to appeal questions of fact.  Id.  Objections must be timely and specific in order to require *de novo* review by the District Court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 16th day of September, 2024.

BY THE COURT:

*/s/ Veronica L. Duffy*

VERONICA L. DUFFY

United States Magistrate Judge