UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTIAN TOVAR,<br><br>              Plaintiff,<br><br>v.<br><br>KOLBERG-PIONEER, INC.,<br><br>              Defendant. | 4:23-cv-04059-CCT<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION FOR MONETARY SANCTION** |

      Plaintiff, Christian Tovar, brought suit against Defendant, Kolberg-Pioneer, Inc. (KPI), alleging a claim of race discrimination under 42 U.S.C. § 1981. Docket 17. KPI now moves to dismiss this action with prejudice and seeks attorneys' fees and costs relating to Tovar's failure to prosecute and disregarding the Court's order pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v), 37(d)(1)(A)(i), and 41(b). Docket 36. Tovar has not responded.

## PROCEDURAL BACKGROUND

      On April 20, 2023, Tovar originally filed a complaint against KPI, setting forth four claims under Title VII of the Civil Rights Act of 1964. Docket 1. On May 10, 2023, Tovar amended his complaint.[1] Docket 2. On June 5, 2023, KPI filed a motion to dismiss for failure to state a claim upon which relief can be

---

[1] It appears that Tovar did not make any material changes to the four claims set forth in his original complaint. The Court has identified only minor wording revisions in the amended complaint, which do not substantively alter the claims.

1

granted, asserting that Tovar did not timely exhaust his administrative remedies. Dockets 7, 8.

On June 28, 2023, Tovar moved to amend his complaint, seeking to omit all Title VII claims and replace them with a single claim of race discrimination under 42 U.S.C. § 1981. Docket 12. KPI indicated that it did not oppose Tovar's motion to amend. Docket 15. As a result, the court granted Tovar's motion to amend and denied KPI's motion to dismiss as moot. Docket 16.

On February 20, 2024, Tovar's counsel, Nicholas G. Moser, moved for leave of court to withdraw as counsel. Docket 24. In his affidavit, Moser asserts that "[b]ecause of [Tovar's] failure to communicate with [him] regarding [the] matter and [Tovar's] failure to respond to repeated contact attempts, [he] do[es] not believe [he] can adequately or effectively provide [Tovar] with the level of representation which is required of [him] by the Rules of Professional Conduct." Docket 25 ¶ 3. The court granted Moser's motion on February 21, 2024. Docket 26. Since Moser's withdrawal, Tovar has not retained new counsel, nor has he requested additional time to secure replacement counsel. Thus, Tovar proceeds pro se.

On July 30, 2024, KPI moved the Court to compel Tovar to produce written responses and documents in response to KPI's first set of interrogatories and requests for production of documents. Docket 28. On August 2, 2024, this Court referred KPI's motion to compel to Magistrate Judge Veronica L. Duffy. Docket 29. On September 16, 2024, Magistrate Judge Duffy granted KPI's motion to compel and ordered Tovar to provide responses to KPI's

2

interrogatories and requests for production by October 7, 2024. Docket 31 at 4-5. Magistrate Judge Duffy also cautioned Tovar that "failure to comply with [the court's] order may result in dismissal of his lawsuit[.]" *Id.* at 5 (capitalization omitted). Tovar did not file any response to the magistrate judge's order. However, the record reflects that the magistrate judge's order, along with other court mailings, have been returned as undelivered. Dockets 30, 34, 35.

Having not received a response from Tovar, on October 16, 2024, KPI filed the instant motion, seeking to dismiss this action with prejudice and for sanctions under Rules 37 and 41. Docket 36. Tovar has not responded.

## DISCUSSION

### I. Motion to Dismiss

In its motion, KPI argues that (1) the court ordered Tovar to comply with KPI's discovery request and warned him that his failure to comply with the order may result in dismissal; (2) "Tovar's lack of response or communication regarding KPI's unanswered discovery requests is a willful violation of the Court's Order"; and (3) Tovar's failure to comply with the court's order has prejudiced KPI. *Id.* at 5. KPI urges the Court to dismiss Tovar's suit with prejudice for his failure to prosecute because "Tovar has engaged in a pattern of intentional delay and has failed to act to move this case forward for eight months." *Id.* at 7-8.

3

Under Rule 37(b)(2)(A), a district court may impose various sanctions if a party does not comply with a court order compelling discovery. These sanctions include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).

"While the court ordinarily has broad discretion to determine an appropriate sanction under Rule 37, such discretion is not absolute, but rather 'narrows as the severity of the sanction or remedy it elects increases[.]'" *McCollum v. Ossenfort*, 5:21-CV-05079-KES, 2023 WL 8111763, at *2 (D.S.D. Nov. 22, 2023) (alteration in original) (quoting *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011)). "Any sanction imposed under Rule 37 must be 'just.'" *Id.* (quoting *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)). "The sanction of dismissal is among the harshest of sanctions, and there is a strong policy favoring a trial on the merits and

4

against depriving a party of his day in court." *Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (cleaned up). Accordingly, before a court dismisses a case under Rule 37(b)(2), it "must investigate whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) (citation omitted). The Eighth Circuit has held that a district court may consider dismissal as a sanction "only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 572 (8th Cir. 2012) (quoting *Keefer v. Provident Life & Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000)).

Similarly, Rule 41(b) "permit[s] dismissal with prejudice '[f]or failure of a plaintiff to prosecute or to comply with [the Federal Rules of Civil Procedure] or any order of court.'" *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (first alteration in original) (quoting Fed. R. Civ. P. 41(b)). "The sanction imposed by the district court must be proportionate to the litigant's transgression[,]" *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005) (citation and internal quotation marks omitted), and dismissal with prejudice should be reserved for "when there has been a clear record of delay or contumacious conduct by the plaintiff," *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (citation and internal quotation marks omitted). Nevertheless, "[e]ven where the facts might support dismissal with prejudice, this 'ultimate sanction . . . should only be used when lesser sanctions prove futile.'" *Hunt*, 203 F.3d at 527 (second alteration in original) (quoting *Rodgers v. Univ. of Mo.*, 135 F.3d

5

1216, 1222 (8th Cir. 1998)). In reviewing a Rule 41(b) dismissal, the Eighth Circuit examines "the plaintiff's state of mind and the attendant circumstances[.]" *DiMercurio*, 716 F.3d at 1140.

In support of its position, KPI cites *Farlee v. Hausman*, 3:19-CV-03013-RAL, 2021 WL 327509 (D.S.D. Feb. 1, 2021) and *Sillga v. Fairview University Medical Center*, 21 F. App'x 525 (8th Cir. 2001) (per curiam). In *Farlee*, the defendants served interrogatories and requests for production on the plaintiff, who failed to respond. 2021 WL 327509, at *1. In response, the defendants filed a motion to compel. *Id.* The court granted the motion, ordering the plaintiff to comply with the discovery requests and warning that non-compliance could lead to dismissal of the case. *Id.* at *2. The plaintiff thereafter failed to comply with the court's order. *Id.* The court, pursuant to Rule 37(b)(2)(A)(v), dismissed the case upon finding that all three requirements for dismissal were met. *Id.* at *3. First, the court had issued an order compelling discovery and imposing sanctions, explicitly warning that failure to comply could result in dismissal. *Id.* Second, approximately six months had passed, yet the plaintiff failed to comply with the court's order or prosecute the case. *Id.* The court found this a willful violation, emphasizing the plaintiff's lack of response or communication regarding the defendants' outstanding discovery requests. *Id.* Third, the plaintiff's continued non-compliance prejudiced the defendants, who were unable to conduct discovery "despite having served" their "requests more than 15 months ago." *Id.*

6

In *Sillga*, the plaintiff initiated a lawsuit against his former employer but failed to engage in any discovery during the subsequent 16 months. 21 F. App'x at 525. His counsel subsequently withdrew from the case, "citing [the plaintiff's] uncooperative behavior as the reason for withdrawal." *Id.* Following this, the defendant moved to dismiss the case with prejudice, and the district court issued an order warning the plaintiff to either secure new counsel or address the merits of the defendant's motion to dismiss or that the motion would be granted. *Id.* The plaintiff did not comply with this order, and his case was dismissed with prejudice. *Id.* On appeal, the Eighth Circuit affirmed the dismissal, holding that the district court acted within its discretion "[g]iven [the plaintiff's] failure to prosecute his lawsuit or comply with the district court's orders[.]" *Id.* at 525-26.

Here, on February 20, 2024, ten months after the initiation of this case, Tovar's counsel moved to withdraw, citing Tovar's failure to communicate about the case and respond to repeated contact attempts. Dockets 24, 25. Following his counsel's withdrawal, Tovar has proceeded pro se. On April 4, 2024, KPI served Tovar with its first set of requests for admission, Docket 36-1, followed by its first set of interrogatories and requests for production of documents on June 20, 2024, Docket 36-2. In response to Tovar's failure to comply with these discovery requests, KPI filed a motion to compel, which the court granted. Docket 31. The court explicitly warned Tovar that failure to comply with the court's order could result in dismissal of his suit. *Id.* Despite this warning, Tovar remains unresponsive. Furthermore, Tovar has failed to

7

respond to KPI's request for deposition and later failed to attend his scheduled deposition. Docket 36 at 2; Dockets 36-4, 36-5.

The Court is mindful that Tovar is without counsel; however, this "does not excuse [him] from complying with a court's order and with the Federal Rules of Civil Procedure." *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (citation omitted). The record indicates that Tovar became unreachable following the withdrawal of his counsel, and the court's September 16, 2024 order was returned as undelivered. Docket 34. While the Court is reluctant to characterize Tovar's noncompliance as intentional or willful under these circumstances, his failure to participate in the litigation has nevertheless resulted in persistent delay.

Given Tovar's lack of participation, the Court can only conclude that he has abandoned his lawsuit. Moreover, the Court finds that lesser sanctions would be futile due to its ongoing inability to establish contact with Tovar. *See Rickey v. Extradition Transp. of Am.*, No. EDCV 13-1061 ABC (JC), 2013 WL 3742534, at *2-3 (C.D. Cal. July 12, 2013) ("[G]iven the Court's inability to communicate with plaintiff based on his failure to keep the Court apprised of his current address, no lesser sanction is feasible."). Nevertheless, dismissal without prejudice is a "less severe sanction" than dismissal with prejudice and is sufficient to address Tovar's failure to prosecute without "irrevocably extinguishing" his claims. Accordingly, in fairness to Tovar, the Court will dismiss this action without prejudice; however, should Tovar seek to refile this lawsuit, he will be required to provide a satisfactory explanation for his failure

to prosecute the present case before being permitted to proceed. *See Lutheran Lake v. Honeywell Int'l*, Civil No. 12-3186 ADM/SER, 2013 WL 3833062, at *4 (D. Minn. July 24, 2013).

## II.     Request for Attorney Fees

KPI also requests reasonable "attorneys' fees and expenses caused by [Tovar's] failure to respond to [its] first discovery and his failure to appear for a deposition." Docket 36 at 8 (capitalization omitted). KPI asserts that Tovar "is not substantially justified in his absences and should be required to pay KPI's reasonable expenses and attorney's fees." Docket 36 at 9.

Under Federal Rule of Civil Procedure 37(d), "[t]he court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories . . . fails to serve [his] answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(i-ii). "Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i-vi)." Fed. R. Civ. P. 37(d)(3). Further, "[i]nstead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or *other circumstances make an award of expenses unjust.*" *Id.* (emphasis added). "The decision to award sanctions pursuant to Rule 37(d), and the type of sanctions to be awarded for a party's failure to attend his own deposition" and respond to discovery requests "is within the Court's discretion." *Rokusek v.*

9

*Jansen*, Civ. 16-4056, 2017 WL 666095, at *2-3 (D.S.D. Feb. 17, 2017) (citation omitted).

It is undisputed that Tovar has failed to appear for his deposition and has not responded to KPI's discovery requests. He also has not offered any explanation for these failures. While Tovar's failure to appear for his deposition is inexcusable and unjustified, the record reflects that Tovar has been unreachable since the withdrawal of his counsel, and it remains unclear whether he received KPI's deposition notice or discovery requests. *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) ("[P]ro se litigants are not generally familiar with the procedures and practices of the courts. While they have no right to ignore or violate court orders, they must nonetheless be made aware of the possible consequences of their actions."). Given Tovar's pro se status, his likely lack of litigation experience, the uncertainty surrounding his receipt of meaningful notice, and the Court's decision to dismiss this case, the Court finds that awarding attorney fees and expenses under these circumstances would be unjust. *See Guest v. Alzheimer's Res. Ctr.*, No. 3:08CV1247 (AWT), 2009 WL 1407284, at *3 (D. Conn. May 19, 2009) (denying defendant's request to impose sanctions for plaintiff's failure to respond to discovery request and for her failure to appear for her deposition in light of plaintiff's pro se status, lack of familiarity with discovery, and her assertion that she did not receive notice of the deposition); *Black v. Results Companies*, No. 18-06151-CV-SJ-ODS, 2019 WL 4417492, at *4 (W.D. Mo. Sept. 16, 2019) ("Although Plaintiff's conduct in this matter is inexcusable and

not justified, the Court finds the circumstances of his matter, including Plaintiff's pro se status, make such an award [of reasonable expenses, including attorney fees] inappropriate."); *Lowery v. Shook*, 5:22-CV-00178-MR, 2024 WL 2820114, at *3 (W.D.N.C. June 3, 2024) ("While Plaintiff's failure to appear for his deposition was caused by his own failure to timely notify the Court and the Defendants of his new address, it does not appear that he ever received the deposition notice."); *Johnson v. Diversified Consultants, Inc.*, No.: PWG-15-1486, 2015 WL 8538710, at *4 (D. Md. Dec. 11, 2015) (determining that, in light of plaintiff's pro se status, ordering the her to pay defendant's "attorneys' fees and cost associated with its motion—in addition to dismissing her claims against it—would produce an unjust result"). Accordingly, KPI's request for attorneys' fees and expenses is denied.

## CONCLUSION

Thus, it is hereby

ORDERED that KPI's motion to dismiss pursuant to Rule 41(b), Docket 36, is granted. Tovar's complaint is hereby dismissed without prejudice on the condition that, should Tovar seek to refile this lawsuit, he must first provide a satisfactory explanation for his failure to prosecute the present case before being permitted to proceed. It is further

ORDERED that KPI's motion for attorneys' fees and expenses, Docket 36, is denied.

Dated April 29, 2025.

                          BY THE COURT:

                          /s/ *Camela C. Theeler*
                          CAMELA C. THEELER
                          UNITED STATES DISTRICT JUDGE